Grover, J.
Section 2 of chapter 314, Laws of 1869, makes the consent of the majority of the tax-payers of the town (Springport) owning more than one-half of the taxable property of the town assessed, and appearing upon the assessment roll of the year 1868, proved and acknowledged as therein required, and the making of an affidavit by the assessors of the town or a majority of them, to the -effect that a majority'of such tax-payers, owning a majority of the taxable property, had consented, in- accordance with the requirement of said section, conditions precedent to the issuing of the bonds of the town authorized by the act by the commissioners appointed under the act. The section further provides that the affidavit, consent and acknowledgment shall be filed in the town clerk’s office, and in the office of the clerk of the county; and that certified copies thereof shall be presumptive evidence of the facts therein contained in all the courts of the State, etc. The statute further provides that this *540 affidavit of the assessors, or a majority of them, shall be proof of the consent of the tax-payers, as required by the section. In Howland v. Eldredge (43 N. Y., 457) it was held by this court that the power of determining the question whether a majority of the tax-payers had consented, as required by the act, was vested in the assessors, from whose determination no appeal to any other tribunal was given by the act; and that while the court could, by mandamus, compel the assessors to proceed and determine whether such majority of tab-payers had consented, and to make an affidavit showing what their determination was, yet the court had not the. power to compel a determination in accordance with its views in case they differed from those of the assessors. The affidavit of the assessors to the effect that the requisite number of „ tax-payers have consented to the bonding of the town is by the statute made proof of the existence of such fact, upon which the issue of the bonds of the town to the amount of $100,000, by the commissioners, is authorized. This affidavit, made by the majority of the assessors, is in the nature of a judgment or decision determining the existence- of such fact; and their proceedings in arriving at such determination are reviewable by the Supreme Court upon certiorari, the same as those of any other subordinate board or tribunal. Of the power so to review, no question appears to have been made by the respondents in the Supreme Court, and none is made in this court. By the act of 1869, the time for obtaining the consent of the tax-payers was limited to January 1st, 1870. By chapter 152, Laws. of 1870, this time was extended to April 1st, 1871. The return of the assessors, shows that a part of the consents, considered and computed by them, were obtained within the time limited by the act of 1869, and a part after the expiration of that, and within the time fixed by the act of 1870; the latter act not having been passed until after the expiration of the time fixed by the former act. The return of the majority of the assessors further shows that, before the making of, -the affidavit, there were revocations of the consent executed by tax-payers, who had thereto *541 fore consented to the bonding of the town, served upon the assessors; but that the majority of the assessors wholly disregarded such revocations, and included, in their computation of those consenting, the tax-payers who had so revoked their consent, and requested, in writing, the assessors not to include them among the persons consenting to the bonding. Their return further shows that they are unable to state the numbers of the persons who revoked their consent, or the amount for which they were severally assessed for property upon the roll of 1868. This is sufficient to raise the question whether those revoking should have been excluded from the numbers of those consenting, and the property assessed to them from the aggregate of that class; as, in case the assessors erred in not so excluding them, the error could be obviated only by showing that had they been excluded the requisite number of tax-payers and amount of property would have remained. The return of the majority utterly fails to show this, while the return of Ethan Allen, the remaining assessor who refused to unite with the other two in making the affidavit, shows affirmatively that had those revoking their consent before the affidavit was made been excluded, it would have left the amount of property owned by those consenting, as appeared by the assessment roll, considerably less than half of the amount upon the roll. The question whether, after having given his consent to bond the town and before any action taken thereon by the assessors, a tax-payer had a right to revoke and unite with those opposing it, is fairly presented by the case. This question is in all respects analogous to the right of a petitioner under the general act for bonding towns to aid the construction of railroads, for the bonding of his town to'withdraw his petition upon the hearing before county judge under the act. In the Peoples. Sawyer, county judge (ante, p. 296), it was decided by this court that such petitioner had the right to withdraw his petition. All the difference between that case and the present is, that in the former the county judge is to determine whether the requisite number of tax-payers to whom more than half of the taxable property *542 of the town was assessed, as appeared from the roll, had united in the petition, and in this the same questions are to be determined by the assessors of the town or a majority of them; and in the former case the applicants for bonding are to apply therefor by petition, and in this to sign a consent as prescribed by the statute. In the former the county judge, if he finds the petitioners sufficient in number and amount of property, is to give judgment accordingly, which is made conclusive proof of such facts. In this, the assessors or a majority are to make an affidavit, which is made proof of the facts. It will be seen that the right to revoke his consent by a taxpayer in the present case is the same as that of a petitioner, under the bonding act, to withdraw. Upon the authority of the case cited, and for the reasons there given, it must be held that any one that had consented had the right to revoke at any time before the making of the affidavit by the assessors. The proceedings of the assessors and of the commissioners must be reversed. This renders it unnecessary to consider the other questions discussed upon the argument.
The judgment appealed from should be reversed and proceedings dismissed, without costs.
. All concur, except Folg-eb, J., not voting.
Judgment accordingly.